UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE RAY CARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-03311 (UNA) |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, a resident of Virginia, has filed an initiating *pro se* pleading, ECF No. 1, with a supporting notice, ECF No. 3, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For reasons explained below, the Court will grant the IFP application and dismiss this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

At the outset, the initiating pleading and notice are both difficult to follow, and furthermore, they fail to comply with Federal Rules of Civil Procedure 7(a)–(b), 8(a), 10(a)–(c), and Local Civil Rules 5.1(d), (e), and (g). As far as it can be understood, plaintiff sues the Commonwealth of Virginia, challenging various actions and determinations made several decades ago in criminal proceedings prosecuted against him in Virginia state court, and he demands that this Court vacate the resulting convictions.

First, federal district courts generally lack jurisdiction to review or otherwise interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Second, it seems that plaintiff may seek a writ of habeas corpus, though he is not currently incarcerated, so it is unclear if he standing to demand such relief. A "writ of habeas corpus shall

not extend to a [plaintiff] unless" he is "in custody" under some authority. *See* 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in plaintiff's submissions suggests that he is currently is incarcerated, or is a probationer or parolee, or is otherwise restrained.

To the extent that plaintiff is still in custody, he still has no recourse in this federal district. Federal court review of state convictions is available under 28 U.S.C. § 2254, but only after the exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(l). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). To the extent that plaintiff has exhausted his state remedies, he must file for relief in the United States District Court for the District of Virginia.

For all of these reasons, this case is dismissed. A separate order of dismissal accompanies this memorandum opinion.

DATE: November 17, 2022                         ____/s/_____
                                                JAMES E. BOASBERG
                                                United States District Judge